46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chidi ONWUNEME, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9518.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Chidi Onwuneme seeks review of a deportation order of the Board of Immigration Appeals (Board). The Board found him deportable under section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. Petitioner argues he is not deportable because his two convictions stem from a single scheme of misconduct. Further, he argues that the immigration judge improperly compelled him to answer potentially incriminating questions. We have jurisdiction pursuant to 8 U.S.C. 1105a. We deny the petition for review.
 
 
 3
 Petitioner, a thirty-year-old man from Nigeria, entered the United States as a nonimmigrant visitor in 1981. He married a United States citizen and became a permanent resident in 1987. In 1992, he was twice convicted of theft. His convictions stem from two bad checks written to two Sam's Wholesale Clubs, located twenty minutes away from each other. He wrote the first check on September 17, 1988, to Sam's Wholesale Club in Harris County, Texas. He wrote the second check either that same day or the very next day to a different Sam's Wholesale Club, located in Fort Bend County, Texas.
 
 
 4
 The Board rejected petitioner's argument that the convictions arose from a single scheme of criminal misconduct, noting that petitioner, himself, acknowledged his convictions were based on two separate transactions at two stores in different locations. On appeal, petitioner urges this court to treat two crimes, allegedly committed on the same day, for the same reason, against the same corporate victim, at locations only twenty minutes apart as a "single scheme of misconduct."
 
 
 5
 Identity of victim and motive are not dispositive, however, according to the legal standard we recently adopted in Nguyen v. INS, 991 F.2d 621, 623 (10th Cir.1993). In Nguyen we upheld the Board's interpretation that a single scheme of criminal misconduct " 'refers to acts, which although separate crimes in and of themselves, were performed in furtherance of a single criminal episode, such as where one crime constitutes a lesser offense of another or where two crimes flow from and are the natural consequence of a single act of criminal misconduct.' " Id. The Board's interpretation, we concluded, was reasonable and, accordingly, was entitled to deference. Id.
 
 
 6
 In this case, the Board's interpretation of a single criminal episode is consistent with Nguyen. Based on petitioner's testimony before the immigration judge that his convictions stemmed from two separate transactions, at two separate stores, twenty minutes apart, we uphold the Board's finding that the convictions were not part of a single criminal episode. See id. at 624 (noting that repetition of earlier crime does not necessarily make them part of single scheme).
 
 
 7
 We also reject petitioner's Fifth Amendment challenge, that he was improperly forced to testify about the circumstances surrounding the thefts. As the immigration judge observed, petitioner's testimony did not subject him to prosecution because he had already been convicted for the thefts. Petitioner's speculation that his testimony could have subjected him to prosecution for other, related offenses is insufficient to invoke the protection of the Fifth Amendment. See United States v. Clark, 847 F.2d 1467, 1474 (10th Cir.1988)(to invoke protection of Fifth Amendment, risk of incrimination from compelled testimony must be real and substantial). We do not reach petitioner's argument that, by his own testimony, he was unfairly forced to prove the case against him. There is no indication in the record that petitioner raised this argument to the Board. See Florez-de Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986)(unexhausted issue not raised to Board cannot be considered on appeal).
 
 
 8
 Accordingly, the petition for review is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470