**Chidi ONWUNEME, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION, SERVICE, Respondent.**

No. 95–9516.

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1995.

Submitted on the briefs: *

Thomas J. Young, Jr., Denver, Colorado, for Petitioner.

David M. McConnell, Senior Litigation Counsel, and Stephen W. Funk, Attorney, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner Chide Onwuneme seeks review of an order of deportation of the Board of

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument. We grant Petitioner's application to proceed in forma pauperis and proceed to the merits of the petition. 28 U.S.C. § 1915(a).

Immigration Appeals (BIA). The BIA denied petitioner's motion to reopen his deportation proceeding to enable him to seek discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act. 8 U.S.C. § 1182(c). Our jurisdiction to review this matter arises under 8 U.S.C. § 1105a(a). *Giova v. Rosenberg*, 379 U.S. 18, 18, 85 S.Ct. 156, 156, 13 L.Ed.2d 90 (1964) (denial of motion to reopen under § 1182(c) constitutes final order of deportation under § 1105(a)). We deny the petition.

## I.

The facts are undisputed. Petitioner, a native and citizen of Nigeria, entered the United States on August 14, 1981, as a non-immigrant visitor. Petitioner became a lawful permanent resident of the United States on July 23, 1987. On April 10, and again on July 30, 1992, Petitioner was convicted in the State of Texas for theft. As a result, the Immigration and Naturalization Service charged Petitioner with deportability under 8 U.S.C. § 1251(a)(2)(A)(ii). That section subjects an alien to deportation upon conviction of two crimes of moral turpitude "not arising out of a single scheme of criminal misconduct." *Id.*

After a hearing, the immigration law judge (ILJ) ordered petitioner deported. On March 4, 1994, the BIA affirmed the ILJ's order of deportation. On January 20, 1995, we upheld the order of deportation in an unpublished opinion. *Onwuneme v. I.N.S.*, No. 94–9518, 1995 WL 20432 (10th Cir. Jan. 20, 1995). Prior to our ruling in that case, however, Petitioner filed a motion before the

BIA to reopen his deportation proceeding. 8 C.F.R. § 3.2.

In his motion, petitioner requested discretionary relief from deportation under 8 U.S.C. § 1182(c), claiming that on July 23, 1994, he had accumulated seven consecutive years of lawful unrelinquished domicile as a permanent resident. Under § 1182(c), discretionary relief from deportation is generally available to a "permanent resident" alien who has accrued "seven consecutive years" of "lawful unrelinquished domicile" in the United States. 8 U.S.C. § 1182(c).

On February 22, 1995, the BIA denied petitioner's motion to reopen. The BIA reasoned that petitioner ceased to be a lawful permanent resident of the United States upon entry of its previous order of deportation on March 4, 1994, without regard to the seven year requirement. Consequently, the BIA concluded that petitioner was no longer eligible for § 1182(c) relief. This petition for review followed.

Petitioner asserts that he has satisfied the seven year requirement and is eligible for § 1182(c) relief. Counting from July 23, 1987, petitioner claims he accrued "seven consecutive years" of "lawful unrelinquished domicile" on July 23, 1994, exactly seven years after he was "lawfully admitted for permanent residence."[1]. Necessary to his argument, however, is the assumption that his stay in the United States remained "lawful" until our January 20, 1995 decision upholding the BIA's March 4, 1994 order of deportation. We reject Petitioner's assumption. Rather, we conclude that because petitioner was neither a lawful permanent resi-

---

[1]. Petitioner acknowledges that under § 1182(c), his domicile in the United States began when he was admitted for permanent residence. Accordingly, the seven year period commenced when petitioner was admitted for permanent residence on July 23, 1987. We do not decide the question of whether the phrase "lawful unrelinquished domicile" equates with "lawfully admitted for permanent residence" in every instance. While the BIA has held for over forty years that an alien's "lawful unrelinquished domicile" begins only after the alien is "lawfully admitted for permanent residence," *e.g., In re S*, 5 I & N Dec. 116, 118 (BIA 1953), the circuit courts are divided over the issue. The Fourth and Ninth Circuits have accepted the BIA's interpretation, *Chiravacharadhikul v. I.N.S.*, 645 F.2d 248, 250–51 (4th

Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Castillo–Felix v. I.N.S.*, 601 F.2d 459, 467 (9th Cir.1979); *but see, Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1360–61 (9th Cir.1995) (domicile established on date of amnesty application), while the Second and Seventh Circuits have rejected it. *Castellon–Contreras v. I.N.S.*, 45 F.3d 149 (7th Cir.1995); *Lok v. I.N.S.*, 548 F.2d 37, 40–41 (2d Cir.1977). The Third, Fifth, Eleventh and D.C. Circuits have discussed but not definitively resolved the issue. *Madrid–Tavarez. v. I.N.S.*, 999 F.2d 111, 112–13 (5th Cir.1993); *Graham v. I.N.S.*, 998 F.2d 194, 195 (3d Cir.1993); *Melian v. I.N.S.*, 987 F.2d 1521, 1524–25 (11th Cir.1993); *Anwo v. I.N.S.*, 607 F.2d 435, 436–38 (D.C.Cir.1979).

dent nor domiciliary *for seven consecutive years*, he is clearly ineligible for § 1182(c) relief.

## II.

 Our review of the BIA's disposition of petitioner's motion to reopen is governed by the two-step analysis set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984), and recently reiterated by Justice White in *Rubio–Rubio v. I.N.S.*, 23 F.3d 273, 276 (10th Cir.1994) (White, J., (ret.) sitting by designation). First, if the applicable statutory language is clear, we must adhere to the obvious intent of Congress and give effect to the plain language of the statute. *Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781–82. This is an issue of law subject to de novo review. *Rubio–Rubio*, 23 F.3d at 276. But if the statute is subject to differing but reasonable interpretations, as § 1182(c) has been, we are not free to impose our own construction upon the statute; rather we ask whether the administrative agency's construction is reasonable. If so, we defer to the agency's decision as permissible. *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2781–82. The agency's construction need not be the construction we would have given the statute in an original judicial proceeding. *Id.* at 843 n. 11, 104 S.Ct. at 2782 n. 11.

Section 212(c) of the Immigration and Nationality Act provides in relevant part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section [providing a list of excludable aliens]. . . .

8 U.S.C. § 1182(c). While the plain language of the section seems to apply only to exclusionary proceedings, the circuit courts have uniformly held the statute applicable to deportation proceedings as well. *E.g., Nunez–Pena v. I.N.S.*, 956 F.2d 223, 224 n. 3 (10th Cir.1992).

## III.

The narrow issue we must decide is whether the petitioner had accrued seven consecutive years of lawful unrelinquished domicile prior to his application for discretionary relief. In this case, the answer to that question depends only upon when the seven year period ceases to run: (1) When the BIA enters a final administrative order of deportation; or (2) When the court of appeals rules upon a petition for review of that order?

 In this case, we accept as permissible the BIA's decision to deny petitioner's motion to reopen his deportation proceeding based upon petitioner's acknowledgment that the seven year period commenced July 23, 1987. The BIA's reasoning for its decision, however, is overly broad and unnecessary to a resolution of petitioner's motion. The BIA held that petitioner became ineligible for discretionary relief under 8 U.S.C. § 1182(c) upon entry of its previous order of deportation because at that point petitioner was no longer "lawfully admitted for permanent residence" in the United States. The BIA reached this holding without any reference to the requisite seven year period of residence. *See e.g., In re Cerna*, Interim Decision 3161, 1991 WL 353528 (BIA 1991) (eligibility for § 1182(c) discretionary relief does not survive final order of deportation regardless of prior time spent as lawful permanent resident). In deference to the BIA, we adopt its position and hold that an alien's presence in this country is no longer "lawful" after entry of a final order of deportation, but only where the alien, like petitioner in this instance, has failed to satisfy the seven year requirement.[2] *In re Lok*, 18 I & N Dec. 101,

---

**2.** Like the issue of when the seven year period commences, we need not decide whether an alien with over seven consecutive years of lawful permanent residence in the United States nevertheless becomes ineligible for discretionary relief under 8 U.S.C. § 1182(c) upon entry of a final

administrative order of deportation The circuit courts are divided over this issue as well. The Third, Fourth and Fifth Circuits hold that an alien is precluded from seeking § 1182(c) relief upon entry of a final order of deportation, despite having accumulated seven consecutive

105–07 (BIA 1981) (wherein BIA carefully considered when lawful residence should terminate), *aff'd on other grounds,* 681 F.2d 107 (2d Cir.1982).

■ To date, all circuit courts that have addressed the issue, except the Ninth, have deferred to the BIA's construction of § 1182(c) and decided an alien's lawful domicile terminates at the latest upon entry of a final administrative order of deportation. *Goncalves v. I.N.S.,* 6 F.3d 830, 834 (1st Cir.1993); *Nwolise v. I.N.S.,* 4 F.3d 306, 310–12 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 888, 127 L.Ed.2d 82 (1994); *Jaramillo v. I.N.S.,* 1 F.3d 1149, 1155 (11th Cir. 1993) (en banc); *Katsis v. I.N.S.,* 997 F.2d 1067, 1075 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994); *Variamparambil v. I.N.S.,* 831 F.2d 1362, 1367 (7th Cir.1987); *Rivera v. I.N.S.,* 810 F.2d 540, 541–42 (5th Cir.1987). *See also Lok v. I.N.S.,* 681 F.2d 107, 109–10 (2d Cir. 1982) (suggesting lawful domicile may terminate earlier than final administrative order if alien concedes deportability). *Contra Wall v. I.N.S.,* 722 F.2d 1442, 1444–45 (9th Cir.1984) (where alien contests deportation on the merits through petition for judicial review, lawful domicile continues until conclusion of that review). *Compare Foroughi v. I.N.S.,* 60 F.3d 570, 575 (9th Cir.1995) (lawful permanent resident status of alien conceding deportability continues only until final administrative order of deportation; domicile ends at that point). The order will become final when the BIA renders a decision on appeal or certification, or when an alien waives an administrative appeal or allows the time for appeal to expire. *Lok,* 18 I & N Dec. at 105. We need not reiterate all the reasons proffered for the BIA's construction of the statute. Nor do we enter the quagmire the circuit courts have created over their varying interpretations of 8 U.S.C. § 1182(c) under

differing sets of facts. Suffice it to say that under the facts of this case, the BIA's construction of § 1182(c) is reasonable, and thus permissible. *See Chevron,* 467 U.S. at 843, 104 S.Ct. at 2781–82.

In this case, the seven year period of lawful unrelinquished domicile began when petitioner was lawfully admitted to permanent residence on July 23, 1987. That period ended prior to the expiration of seven years when, on March 4, 1994, the BIA affirmed the ILJ's order of deportation. Thus, the BIA correctly held that petitioner was ineligible for discretionary relief under 8 U.S.C. § 1182(c). The petition to review the order of the BIA denying petitioner's motion to reopen his deportation proceeding is DENIED.

---

years of residency. *Nwolise v. I.N.S.,* 4 F.3d 306, 309–10 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 888, 127 L.Ed.2d 82 (1994); *Katsis v. I.N.S.,* 997 F.2d 1067, 1071–75 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994); *Ghassan v. I.N.S.,* 972 F.2d 631, 637–38 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993). The First, Second, Seventh, Ninth and Eleventh Circuits hold that seven consecutive years of resi-

dency establish a right to request § 1182(c) relief, assuming the other requirements of the section are met. *Acosta–Montero v. I.N.S.,* 62 F.3d 1347, 1351 (11th Cir.1995); *Henry v. I.N.S.,* 8 F.3d 426, 434–39 (7th Cir.1993); *Goncalves v. I.N.S.,* 6 F.3d 830, 832–35 (1st Cir.1993) (per Breyer, J.); *Butros v. I.N.S.,* 990 F.2d 1142, 1144–45 (9th Cir.1993) (en banc); *Vargas v. I.N.S.,* 938 F.2d 358, 360–64 (2d Cir.1991).