**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MEHRAN MOHTASHEMI aka Monir
Misaghi,

        Petitioner,

        v.

JOHN ASHCROFT,

        Respondent.

No. 03-9563
(Board of Immigration Appeals)

(D.C. No. A77-645-008)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

---

Petitioner Mehran Mohtashemi[1] appeals the November 20, 2002, decision

by the Board of Immigration Appeals (BIA) (1) affirming the decision by an

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Mr. Mohtashemi's brief before this court and his December 20, 2002, motion to reconsider before the BIA identify him as Mehran Motashamipour. At all other times during these proceedings, he has been identified as Mehran Mohtashemi.

Immigration Judge (IJ) denying his application for asylum, restriction on removal,[2] and protection under the Convention against Torture; and (2) denying his motion to remand to the IJ for consideration of his religious conversion. He also appeals the BIA's April 2003 denial of his motion to reconsider its November 20, 2002, decision. We hold that (1) this court lacks jurisdiction to hear his appeal of the November 20, 2002, decision, and (2) the BIA did not abuse its discretion in denying his motion to reconsider.

## I.    BACKGROUND

Petitioner is a native and citizen of Iran who sought admission to the United States at Chicago O'Hare International Airport on November 1, 1999, when he was 14 years old. He was carrying a false passport. Petitioner applied for asylum, restriction on removal, and protection under the Convention against Torture, stating that if returned to Iran, he would be persecuted because of his father's job with the Iranian government.

At a hearing on August 30, 2000, the IJ denied Petitioner's applications, finding no evidence that he would be persecuted if returned to Iran. Petitioner appealed the ruling to the BIA in September 2000; and on May 26, 2001, he

---

[2]"Restriction on removal" was referred to as "withholding of removal" before amendments to the INA made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. Although both parties and the IJ have used the term "withholding of removal," we will use the newer term.

requested the BIA to reopen his case and remand for a renewed asylum application based on his recent conversion to Christianity. He submitted no evidence of his conversion other than his own affidavit.

On November 20, 2002, the BIA issued an order (1) dismissing the appeal of the IJ's decision denying relief and (2) denying Petitioner's motion to reopen and remand his case. The BIA concluded that "[t]he evidence provided in support of [Petitioner's] motion does not persuade us that it [would] be worthwhile to develop this issue further at a plenary hearing on reopening." R. 46.

On December 20, 2002, Petitioner filed with the BIA a motion to reconsider its November 20, 2002, decision, alleging that his father had been granted asylum in this country and that he was eligible for derivative asylum. He also attached documents supporting his claim of a conversion to Christianity: (1) a certificate of baptism dated January 14, 2001; (2) a confirming letter from the minister; and (3) a statement by his father. On April 30, 2003, the BIA denied the motion. It concluded that the motion "does not present any additional arguments, changes in law, or aspects of the case that were overlooked that would warrant reconsideration of our previous decision." R. 2. On May 30, 2003, Petitioner filed a petition for review.

## II. DISCUSSION

### A. Jurisdiction to Review Merits

In his brief to this court, Petitioner asks us to consider the merits of the BIA's November 20, 2002, denial of his applications for asylum, restriction on removal, and protection under the Convention against Torture, as well as the BIA's denial of his motion to reopen proceedings. Under 8 U.S.C. § 1252(b)(1), "The petition for review [of an order of removal] must be filed not later than 30 days after the date of the final order of removal." A failure to file a timely petition for review of the BIA's decisions deprives us of jurisdiction. Stone v. INS, 514 U.S. 386, 406 (1995); see also Nahatchevska v. Ashcroft, 317 F.3d 1226, 1227 (10th Cir. 2003) (holding § 1252(b)(1)'s 30-day time period to petition for review to be jurisdictional under Stone).

The BIA's decision became final, and the 30-day review period began running, on November 20, 2002. See 8 C.F.R. § 1241.31 (order of deportation becomes final upon dismissal of appeal by BIA); Belay-Gebru v. INS, 327 F.3d 998, 1000 (10th Cir. 2003) (applying § 1252(b)(1)'s predecessor, 8 U.S.C. § 1105a, in holding that 30-day limitations period began to run on date of BIA's order, despite filing of motion to reconsider); see also Onwuneme v. INS, 67 F.3d 273, 274 (10th Cir. 1995) (finding jurisdiction to review denial of motion to reopen because denial of motion constitutes final order of deportation). Petitioner

-4-

did not file his petition for review until May 30, 2003, well beyond the 30-day review period. Thus, we lack jurisdiction to review the merits of the BIA's November 20, 2002, order, including both the affirmance of the IJ and the denial of the motion to reopen.

**B.    Review of Denial of Motion to Reconsider**

Because Petitioner filed his petition for review with this court within 30 days of the BIA's denial of Petitioner's motion to reconsider, we have jurisdiction to review that order. We review a denial of a motion to reconsider for an abuse of discretion. See Belay-Gebru, 327 F.3d at 1000 & n.5. We hold that the BIA did not abuse its discretion in denying the motion.

Petitioner moved the BIA to reconsider its decision so that he could pursue derivative asylum under INA § 208(b)(3), codified at 8 U.S.C. § 1158(b)(3), based on his father's recent grant of asylum in this country. Derivative asylum under § 1158(b)(3), however, is discretionary. "A spouse or child . . . of an alien who is granted asylum . . . *may* . . . be granted the same status . . . ." 8 U.S.C. § 1158(b)(3)(A) (emphasis added). We therefore have no basis for overturning the BIA's denial.

Petitioner argues before this court that he is entitled to *mandatory* derivative status under 8 C.F.R. 207.7 because his father was granted refugee status in addition to asylum. But Petitioner never raised this argument to the BIA

in his motion for reconsideration. Thus, we will not consider it on appeal from the denial of that motion.

As for Petitioner's additional evidence concerning his conversion to Christianity, the BIA did not abuse its discretion in refusing to consider new evidence when there was no reason to believe it could not have been produced in support of Petitioner's initial motion for remand. Cf. Fed. R. Civ. P. 60(b)(2) (restricting relief from judgment on ground of newly discovered evidence to cases in which evidence could not have been discovered by due diligence in time for motion for new trial).

## III.   CONCLUSION

We DISMISS Petitioner's appeal of the BIA's order of November 20, 2002, and AFFIRM the BIA's order of April 30, 2003.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge