**Reyes GARCIA–HERNANDEZ, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 86–4591**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 18, 1987.

Lisa S. Brodyaga, Harlingen, Tex., for petitioner.

Edwin Meese, III, Atty. Gen., Dept. of Justice, Mary Reed, Alison R. Drucker, Robert L. Bombough, Director, Office of

Immigration Litigation, Civil Div., Madelyn E. Johnson, Allen W. Hausman, Robert Kendall, Jr., Asst. Directors, Washington, D.C., for respondent.

David H. Lambert, Dist. Director, I.N.S., New Orleans, La., Hal W. Boldin, Dist. Director, I.N.S., Harligen, Tex., for other interested parties.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Petitioner Reyes Garcia-Hernandez seeks review of a decision of the Board of Immigration Appeals denying his motion to reopen his deportation proceedings for the purpose of allowing him to submit evidence which would in turn reopen his motion for relief from deportation under § 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c). This proceeding constitutes the latest and perhaps the final step in a ten year attempt by appellant to avoid being deported to the country of his citizenship, Mexico.

Appellant was in this country as a non-immigrant laborer between 1961 and 1963. He entered this country in October 1963, as an immigrant having been sponsored by his employer. Shortly thereafter, he married a United States citizen. He has been a horse trainer and jockey by profession, and he and his wife have three children.

Petitioner's troubles with the Immigration and Naturalization Service grew out of a conviction in 1974 for conspiracy to possess unlawfully with intent to distribute over 400 pounds of marihuana and his conviction in January 1976, for importing 4.7 grams of cocaine. Deportation proceedings were initiated against him on December 10, 1976. At the deportation hearing in 1977, he conceded deportability on the charge of having been convicted of importing cocaine, and at the hearing he applied for § 212(c) waiver of deportation.

Based upon evidence of the stability of his marriage, that he was employed, and a statement from his prison case worker, an immigration judge decided in August 1977, that he was statutorily eligible for a waiver of excludibility under § 212(c) of the Act. On appeal by the Immigration and Naturalization Service, the Board of Immigration Appeals in September 1978, reversed the immigration judge's decision and denied § 212(c) relief. There was a stipulated motion to reopen this proceeding in early 1979 because the decision of the BIA had been made without petitioner's brief which had been omitted from the file. Upon reconsideration, the BIA again denied him § 212(c) relief on May 3, 1979. On appeal this Court upheld the BIA's order. *Garcia-Hernandez v. Immigration and Naturalization Service*, 613 F.2d 312 (5th Cir.1980).

In June 1980, petitioner and his family brought a writ of habeas corpus attacking the validity of the final order on due process grounds. The district court dismissed this petition for lack of jurisdiction. Section 106(c) of the Act, 8 U.S.C. § 1105a(c), prohibits habeas corpus review of a petitioner's allegations of error which could have been raised before the BIA. In a thorough opinion, *Garcia v. Boldin*, 691 F.2d 1172 (5th Cir.1982), this Court affirmed the dismissal of the habeas corpus petition by the district court. We held that petitioner had made no claim which could not have been brought before the BIA and that his constitutional claims based upon due process of law concerning the hearing given him were without foundation.

While petitioner's habeas corpus suit was pending on appeal, he filed a motion to reopen the deportation proceedings with the immigration judge for the purpose in turn of reopening the § 212(c) proceedings. This is the proceeding which is now before us. The immigration judge granted his motion to reopen. Upon appeal by the INS, the BIA vacated the order which granted the motion to reopen proceedings on jurisdictional grounds that only the BIA could reopen such proceedings. That decision was brought to this Court for review, but the INS moved to remand the case to the BIA before we reached our decision. The BIA on remand then considered the merits.

In seeking reopening of the proceedings, petitioner first claimed that he was eligible for relief based upon rehabilitation. He made various claims that the BIA had not adequately considered the matter of rehabilitation in the 212(c) proceeding. With the passage of time he also urged that there now was more evidence of rehabilitation from the drug convictions. He also claimed a lack of jurisdiction in the BIA on the ground that the appeal of the INS to the BIA had been untimely. In a decision dated February 20, 1986, the BIA denied his motion to reopen. The basis of the denial was the fact that he was no longer statutorily eligible for § 212(c) relief because with the order of deportability, upheld on appeal, his lawful permanent domicile was relinquished when his resident status was terminated. We affirm.

This case is controlled by our decision in *Rivera v. Immigration and Naturalization Service,* 810 F.2d 540 (5th Cir.1987). The required status of "lawfully admitted for permanent residence" is defined in the statute as "having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed.*" (emphasis added). § 101 of the Act, 8 U.S.C. § 1101(a)(20). In *Rivera* the dispute between the majority and the dissent in the panel was when the deportability decision becomes final, ending lawful residence status. The Court held that the lawful status ends at the time the BIA makes its decision. The dissent urged that it ended only after this Court on appeal makes its decision. The issue in *Rivera* was whether a petition for § 212(c) relief could be instituted after a final decision of deportability by the BIA but before appeal to this Court.

▮ In the case before us the motion for § 212(c) relief was made at or before the final decision as to deportability so there is no issue concerning the right of petitioner to have pursued the § 212(c) claim. But when that claim was defeated finally by denial in appeal to this Court and the determination of deportability had also become final before that time, there was no longer any authority to reopen the denial of § 212(c) relief because petitioner clearly

was no longer in lawfully admitted permanent residence. He was under an order of deportation, and § 212(c) relief had finally been denied.

Petitioner's purported claim of out of time appeal by the INS of the original § 212(c) decision in his favor by the immigration judge also has never been earlier raised. This issue was disposed of by the Court in the habeas proceeding on the ground that the issue should have been raised on appeal and that the determinations in any event were not nullified because of lack of jurisdiction. *Garcia v. Boldin,* 691 F.2d at 1181.

▮ While the BIA always has the authority to reopen a deportation hearing, it was clearly not an abuse of discretion to refuse to do so in this case. Petitioner is deportable and he knows it. His sole purpose of requesting reopening is to reopen the issue of § 212(c) relief. But the BIA was correct in deciding that he no longer is eligible for § 212(c) relief because he is no longer a lawful resident. It is unnecessary for us to consider whether claimed discretionary grounds would justify reopening in view of the fact that he is barred on a statutory basis. Petitioner's appeal from the decision of the Board of Immigration Appeals must be dismissed.

APPEAL DISMISSED.