Simon B. VARGAS,
Petitioner–Appellant,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent–Appellee.

No. 1270, Docket 90–4189.

United States Court of Appeals,
Second Circuit.

Argued April 1, 1991.

Decided June 28, 1991.

**359**

Michael P. DiRaimondo, New York City, for petitioner-appellant.

Timothy MacFall, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty.,

Diogenes P. Kekatos, Richard W. Mark, of counsel), for respondent-appellee.

Before KEARSE, WINTER and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Petitioner Simon Vargas appeals the decision of the Board of Immigration Appeals ("BIA") dismissing his motion to reopen a denial of waiver of deportation. Because we find the BIA's decision arbitrary and capricious, we vacate the ruling and remand for further proceedings.

## BACKGROUND

Since March 1970, when he arrived in the United States at the age of four, petitioner has lawfully resided in the United States as a permanent resident. In March 1986, petitioner was convicted of criminal possession of cocaine. In July 1986, the Immigration & Naturalization Service (hereinafter the "Agency") charged that petitioner was deportable based on the narcotics conviction and began deportation proceedings.

At his deportation hearing in 1987, petitioner conceded his deportability. He then applied for a waiver of deportation pursuant to section 212(c) of the Immigration & Nationality Act, codified at 8 U.S.C. § 1182(c). In relevant part, that section provides:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....

While Section 212(c) on its face covers only aliens seeking to return to their United States residence, both resident aliens and aliens seeking to return to the United States are eligible for relief under it. *See Francis v. INS*, 532 F.2d 268 (2d Cir.1976); *Matter of Silva*, 16 I. & N. Dec. 26 (BIA 1976).

In a decision dated March 22, 1988, Immigration Judge Patricia A. Rohan (the "IJ")

found petitioner eligible for relief under Section 212(c). Although petitioner showed strong family ties, the IJ denied discretionary relief based on his criminal record and weak showing of rehabilitation. She ordered petitioner deported to the Dominican Republic, his country of origin.

In August, 1989, petitioner appealed the IJ's decision to the Board of Immigration Appeals. On November 30, 1989, the BIA dismissed the appeal. After finding petitioner eligible for Section 212(c) relief, the BIA stated that petitioner presented "outstanding equities," including strong family ties in the United States and no possibility of livelihood in the Dominican Republic. Nonetheless, persuaded by petitioner's criminal record and slim evidence of rehabilitation, the BIA affirmed the IJ's denial of relief and issued a final order of deportation.

In March 1990, petitioner moved to reopen the BIA's denial of relief under Section 212(c), intending to present new evidence concerning, among other things, his employment history, continued law-abiding conduct, independence from drugs, and family life, including the birth of a child. (Petitioner married the mother of his child on August 17, 1990.)

The BIA denied the motion to reopen on June 13, 1990. The BIA found that petitioner was no longer eligible for relief under Section 212(c) because the BIA's dismissal of petitioner's appeal on November 30, 1989 effectively terminated his lawful permanent resident status. In support of its decision, the BIA stated: "In *Matter of Lok*, 18 I & N Dec. 101 (BIA 1981), this Board held that the lawful permanent resident status of an alien ends upon the entry of a final administrative order of deportation, that is, when the [BIA] renders its decision in a case on appeal, or when the time allotted for appeal has expired."

Petitioner then filed this appeal.

## DISCUSSION

### A. Standard of Review

■ We conduct a limited review of the BIA's denial of petitioner's motion to re-

open. We seek only to determine whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2); *INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In doing so, we must consider the statement of reasons justifying the decision to determine whether the path which the agency followed can be discerned, and whether the decision was reached "'for an impermissible reason or [for] no reason at all.'" *Doyle v. Brock*, 821 F.2d 778, 782 (D.C.Cir.1987) (quoting *Dunlop v. Bachowski*, 421 U.S. 560, 573, 95 S.Ct. 1851, 1860, 44 L.Ed.2d 377 (1975)); *see Securities & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947); *Hudson Transit Lines, Inc. v. United States ICC*, 765 F.2d 329, 336 (2d Cir.1985). "When an agency changes course, a reviewing court must be satisfied that the agency was aware of, and has given sound reasons for, the change, and that it has shown that the new rule is consistent with the agency's statutory duties." *NLRB v. Indianapolis Mack Sales & Service, Inc.*, 802 F.2d 280, 284 (7th Cir.1986); *see International Union, UAW v. NLRB*, 802 F.2d 969 (7th Cir.1986).

### B. The BIA's Denial of Petitioner's Motion to Reopen

#### 1. Matter of Lok *as Support for the Decision*

■ With the foregoing principles in mind, we turn to the BIA's opinion in support of its denial of Vargas's motion. We first evaluate the stated justification for the decision. The BIA opinion contains no mention of statutory or regulatory provisions. Nor does it discuss reasons which might justify its decision. The sole support for the decision is a quoted phrase from *Matter of Lok*, 18 I & N Dec. 101, a BIA decision rendered in 1981.

*Matter of Lok*, however, is not an adequate basis for the BIA's decision. In that case, the BIA denied the application of a permanent resident alien for Section 212(c) relief because the alien had failed to accrue the required seven years of "lawful unre-

linquished domicile" and was therefore statutorily ineligible. Among other things, the BIA decided that an alien should not be permitted to accrue time towards the seven-year requirement after the entry of an enforceable final administrative order of deportation. The BIA defined such an order to have been issued "when the Board renders its decision in the case upon appeal or certification or, where no appeal to the Board is taken, when appeal is waived or the time allotted for appeal has expired." 18 I. & N. Dec. 101, at 105. The BIA justified its rule by reasoning that a rule which permitted aliens to continue accruing time during judicial appeals "would encourage spurious appeals ... made solely for the purpose of accumulating more time toward eligibility for section 212(c) relief." *Id.* at 106. In view of the limited scope of review on appeal and the ability of a Court of Appeals to reverse a BIA deportability finding and thus to restore an alien's lawful permanent residence status, the BIA found "no ultimate prejudice" to aliens from its rule. *Id.* at 107.

We affirmed *Matter of Lok* on narrow grounds. *Lok v. INS,* 681 F.2d 107 (2d Cir.1982). We did not expressly affirm the BIA's conclusion that Lok's permanent resident status ended with the "administratively final" ruling of deportability for purposes of counting the Section 212(c) seven-year requirement. Instead, we ruled that, for purposes of calculating the seven-year requirement, Lok's status as a permanent resident ended when he failed to appeal the Immigration Judge's finding of deportability. In so ruling, we *also* intimated that Lok's eligibility for Section 212(c) relief, once established, would survive a finding of deportability. *Id.* at 110. We stated that, after failing to appeal the deportability finding, "Lok's only defense to deportation was an appeal to the discretion of the Attorney General under § 212(c)." *Id.*

*Matter of Lok,* therefore, stands only for the proposition that an alien cannot *become* eligible for discretionary relief through subsequent accrual of time towards the seven-year threshold, once he has conceded that he is deportable. *Lok,* 681 F.2d at 110. Without further reasoning or analy-

sis, the BIA has extended *Matter of Lok* to terminate petitioner's clearly existing eligibility for Section 212(c) relief. This is inadequate justification for the decision. Petitioner resided in the United States fourteen years prior to running afoul of the law. At the time deportability proceedings began, he was indisputably eligible for Section 212(c) relief. The concern which motivated the creation of the rule in *Matter of Lok* —preventing an alien from manipulating deportability proceedings so as to acquire the seven years of domicile—is not present here. The BIA justified the decision with no other basis or explanation. We thus cannot conclude that the decision is the "product of reasoned decision-making." *United States v. Garner,* 767 F.2d 104, 106 (5th Cir.1985); *e.g., Graphic Communications International Union Local 554 v. Salem–Gravure Division of World Color Press,* 843 F.2d 1490, 1494 (D.C.Cir.1988), *cert. denied,* 489 U.S. 1011, 109 S.Ct. 1119, 103 L.Ed.2d 182 (1989).

While this alone would merit vacatur, there are further grounds for our decision, which we consider below.

### 2. *Implicit Amendment of 8 C.F.R. § 3.2*

■ The BIA's decision denying petitioner's motion also effectively amends an existing regulation without notice or opportunity for comment. This supports our conclusion that the decision is arbitrary and capricious. 8 C.F.R. § 3.2 provides that the BIA may hear motions to reconsider and reopen. Such motions may concern deportability and discretionary relief. Among other things, motions to reconsider and reopen may be based upon "circumstances which have arisen subsequent to the hearing."

That regulation terminates an alien's ability to move to reconsider or reopen upon physical deportation. "A motion to reopen or a motion to reconsider shall not be made ... subsequent to ... departure from the United States. Any departure from the United States ... shall constitute a withdrawal of such motion [previously made]." The making of a motion to recon-

sider or reopen is not otherwise barred. *See also* 8 C.F.R. § 3.8 (describing motions to reconsider or reopen which seek discretionary relief).

Here, however, the BIA's decision bars a motion to reopen or reconsider a decision under Section 212(c) not on the grounds of physical deportation, but because the BIA's order is "administratively final." The decision thus prevents a large group of aliens (those subject to orders of deportability issued by the BIA) from making the very motions to reconsider or reopen contemplated by 8 C.F.R. § 3.2. We do not hold that this argument alone would justify vacatur. Combined with the inadequate basis for the decision, however, it further persuades us that the BIA acted in an arbitrary and capricious manner. *Onslow County, N.C. v. U.S. Dept. of Labor*, 774 F.2d 607, 610 (4th Cir.1985) (agency could abuse discretion by relying on "case-by-case approach to set general standards"); *NLRB v. Bell Aerospace*, 416 U.S. 267, 294, 94 S.Ct. 1757, 1772, 40 L.Ed.2d 134 (1974).

### 3. *Inconsistent Application of Rule*

■ We also observe that the BIA's application of the *Lok* rule to motions to reconsider Section 212(c) relief has been erratic. Petitioner draws our attention to two cases—*Matter of Jontef*, A 13 730 235 (BIA May 22, 1990), and *Matter of Grana*, A 34 327 600 (BIA Apr. 16, 1991).

In *Matter of Jontef*, the BIA agreed to hear a motion to reconsider a previous denial of Section 212(c) relief on the grounds that the BIA had misapplied its discretion in denying the relief. The BIA agreed to hear the motion despite its final order that Jontef be deported to Israel. It made no mention of Jontef's statutory eligibility for Section 212(c) relief or of *Matter of Lok*.

In *Matter of Grana*, the alien filed a motion to reopen a discretionary denial of Section 212(c) relief to permit the submission of new evidence to the BIA. The alien also moved for reconsideration, contending that the BIA misapplied its discretion in denying the relief. The BIA denied the motions on the merits, implicitly granting the request to reconsider. Again, it made no mention of Grana's statutory eligibility despite the BIA's previous dismissal of Grana's appeal from a deportability order.

This supports our conclusion that the BIA's decision in petitioner's case was arbitrary and capricious. "Patently inconsistent application of agency standards to similar situations lacks rationality and is arbitrary." *Contractors Transport Corp. v. United States*, 537 F.2d 1160, 1162 (4th Cir.1976); *see NLRB v. Washington Star Co.*, 732 F.2d 974, 977 (D.C.Cir.1984) ("The present sometimes-yes, sometimes-no, sometimes-maybe policy ... cannot, however, be squared with our obligation to preclude arbitrary and capricious management of the Board's mandate."); *Doyle v. Brock*, 821 F.2d at 786 & n. 7; *Professional Airways Systems Specialists v. Federal Labor Relations Auth.*, 809 F.2d 855, 859 (D.C.Cir.1987).

### 4. *Logical Basis of Denial of Motion*

Finally, we observe that the logic of the BIA decision is deeply puzzling. A motion to reopen or to reconsider is not a request for a *new* decision. Rather, it permits a decisionmaker to reevaluate the original decision. Such motions are typically permitted because they assist the decisionmaker in correctly resolving the litigant's claim on the merits. Naturally, "this policy must be balanced against the desire to achieve finality in litigation." 11 C. Wright & A. Miller § 2857, at 159. Here, however, the BIA did not rest on considerations of finality in refusing to hear petitioner's motion. Rather, the BIA dismissed the motion as if it were a *new* request for Section 212(c) relief; petitioner was deemed ineligible because he was already finally deportable and no longer a permanent resident. As Judge Williams stated in his dissenting opinion in *Rivera v. INS*, 810 F.2d 540, 543 (5th Cir.), *reh'g denied*, 816 F.2d 677 (1987):

This is precisely as if a court on petition for rehearing denied it not on the merits but on the ground that the petitioner no longer had the right to petition for a rehearing jurisdictionally because he had lost the original decision in the court.

Lawbooks will be searched in vain for any justification for this remarkable conclusion.

The BIA might have desired to entirely foreclose permanent resident aliens from filing motions to reopen or reconsider Section 212(c) decisions. Whatever the BIA's motivation, we are bound to evaluate only the reasoning supplied to us. *See NLRB v. Indianapolis Mack*, 802 F.2d at 285. That reasoning provides no basis for the decision.

### 5. *Other Arguments*

The Immigration & Naturalization Service ("Agency") further argues that the BIA's decision is an interpretation of the Agency's governing statute, the Immigration & Nationality Act, 8 U.S.C. § 1001, *et seq.*, an interpretation to which we must pay "substantial deference." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 447–48, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987); *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We disagree.

■ The BIA did not present its decision as an interpretation of statutory provisions. It is well-settled that "[p]ost hoc explanations—especially those offered by appellate counsel—are simply an inadequate basis for the exercise of substantive review of an administrative decision." *United States v. Garner*, 767 F.2d at 117. "An administrative agency's decisions, unlike those of a district court, cannot be sustained on a ground appearing in the record to which the agency made no reference; to the contrary, the Board's decision stands or falls on its express findings and reasoning." *NLRB v. Indianapolis Mack*, 802 F.2d at 285 (7th Cir.1986). Furthermore, to the extent that the BIA's decision terminating already-established eligibility for Section 212(c) relief can be seen as statutory interpretation, it runs afoul of the rule that "lingering ambiguities in deportation statutes" must be construed in favor of the alien. *INS v. Cardoza–Fonseca*, 480 U.S. at 449; *INS v. Errico*, 385 U.S. 214, 225, 87 S.Ct. 473, 480, 17 L.Ed.2d 318 (1966); *Lennon v. INS*, 527 F.2d 187, 193 (2d Cir.1975).

■ We also reject the Agency's argument in support of the BIA decision based on *Gonzalez v. INS*, 921 F.2d 236 (9th Cir.1990). In *Gonzalez*, the Ninth Circuit upheld the BIA's dismissal of an alien's motion to reopen a denial of Section 212(c) relief. The Ninth Circuit observed that eligibility for Section 212(c) relief was not "permanent[ ]," 921 F.2d at 239, and that if aliens could continue to move to reopen a denial of discretionary relief after entry of an administratively final deportation order, then such applications would be "endless . . . even after physical deportation." 921 F.2d at 240. *See also Garcia–Hernandez v. INS*, 821 F.2d 222 (5th Cir.1987).

We disagree with the Ninth Circuit's conclusion. It is true that Section 212(c) eligibility is not "permanent" in that it may, in some circumstances, be waived by an alien who does not request discretionary relief until after the issuance of a final order of deportation. *Rivera v. INS*, 810 F.2d 540, 541 (5th Cir.), *reh'g denied*, 816 F.2d 677 (1987). *See also* 8 C.F.R. § 3.2 (alien given notice and opportunity to apply for discretionary relief in deportation proceeding may not belatedly raise claim for such relief in motion to reopen "unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing"). But we do not accept the view that a final order of deportation also bars an alien from requesting reopening of a properly filed Section 212(c) request. Such a motion requests no new relief, but simply asks the BIA to reevaluate a prior action.

Furthermore, the *Gonzalez* court's fear of "endless applications" is groundless. Administrative regulations limit the applications which may be filed. For example, applications to reopen cannot be filed (and indeed, are considered automatically withdrawn) subsequent to physical deportation. 8 C.F.R. § 3.2. Nor can the alien automatically delay his physical deportation. Execution of a final administrative order of deportation cannot be stayed absent an express action by the BIA or by a court.

Because we conclude that the BIA decision was arbitrary and capricious, we need

**364**

not address petitioner's further argument that a motion to reconsider automatically renders an order "non-final." *ICC v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); *Chu v. INS,* 875 F.2d 777 (9th Cir. 1989) (because motion for reconsideration pending, deportation order not final for purposes of appeal).

## CONCLUSION

We vacate the BIA's decision as arbitrary and capricious and remand for further proceedings not inconsistent with this opinion.