Jose M. AVELAR–CRUZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 94–3721.

United States Court of Appeals,
Seventh Circuit.

Argued June 2, 1995.

Decided June 27, 1995.

Robert E. Lehrer, Legal Assistance Foundation of Chicago, Susan Compernolle (argued), Lisa J. Palumbo, Chicago, IL, for petitioner.

Janet Reno, U.S. Atty. Gen., Office of U.S. Atty. Gen., Washington, DC, A.D. Moyer, Samuel Der–Yeghiayan, I.N.S., James B. Burns, Office of U.S. Atty., Chicago, IL, William J. Howard, Robert Kendall, Jr., David M. McConnell, Norah Ascoli Schwarz (argued), U.S. Dept. of Justice, Civ. Div., Immigration Litigation, Washington, DC, for respondent.

Before CUMMINGS, KANNE, and ILANA DIAMOND ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Jose M. Avelar–Cruz petitions for review of a final order of the Board of Immigration Appeals (the "Board" or "BIA") finding him statutorily ineligible to seek a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). The Board determined that Avelar–Cruz had not accumulated the seven consecutive years of lawful unrelinquished domicile required for relief

under that statute. In petitioning for review of that decision, Avelar–Cruz relies on our decision in *Castellon–Contreras v. INS*, 45 F.3d 149 (7th Cir.1995), which rejected the Board's position that an alien must be a lawful permanent resident to be lawfully domiciled in this country under section 212(c). We held instead that an alien may establish a lawful domicile and thus begin to accumulate time toward the seven-year requirement when he becomes a "lawful temporary resident" under section 245A(a) of the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1255a(a). Avelar–Cruz became a lawful temporary resident more than seven years prior to the Board's decision here, and he therefore argues that under *Castellon–Contreras*, he is statutorily eligible for section 212(c) relief. Because we agree that *Castellon–Contreras* is controlling and that it entitles Avelar–Cruz to relief from the Board's order, we grant his petition for review.

## I.

Avelar–Cruz was born in Mexico and entered the United States illegally in 1975. He became a lawful permanent resident on May 10, 1989, pursuant to IRCA's general amnesty provision, 8 U.S.C. § 1255a(b). Prior to that, however, Avelar–Cruz had become a lawful temporary resident on September 25, 1987, when he submitted an application pursuant to 8 U.S.C. § 1255a(a) and paid the application fee. *See Castellon–Contreras*, 45 F.3d at 154; 8 C.F.R. § 245a.2(s) ("The status of an alien whose application for temporary resident status is approved shall be adjusted to that of a lawful temporary resident as of the date indicated on the application fee receipt issued at Service Legalization Office."). The present deportation proceedings were commenced after Avelar–Cruz pled guilty to two drug charges in the Circuit Court of Cook County, Illinois. The Immigration Judge ("IJ") found Avelar–Cruz deportable (*see* 8 U.S.C. §§ 1251(a)(2)(A)(iii) & 1251(a)(2)(B)(i)), and Avelar–Cruz then applied for a discretionary waiver of deportation under section 212(c).[1] The IJ denied that request, finding that Avelar–Cruz had not yet accumulated the seven years of lawful unrelinquished domicile required for section 212(c) relief. The IJ therefore ordered that Avelar–Cruz be deported to Mexico.

In appealing the IJ's ruling to the Board, Avelar–Cruz argued that he was eligible for section 212(c) relief under two alternative theories—because he became a lawful domiciliary on the effective date of IRCA, November 6, 1986, or when he became a lawful temporary resident on September 25, 1987. The Board addressed and rejected both positions, finding that Avelar–Cruz had become a lawful domiciliary only when he obtained the status of lawful permanent resident on May 10, 1989. Thus, on November 14, 1994, the Board affirmed the IJ's deportation order.

In petitioning for review of the Board's order, Avelar–Cruz contends that our recent decision in *Castellon–Contreras* makes clear that he is eligible for a discretionary waiver of deportation under section 212(c). In that case, we considered the meaning of the phrase "lawful unrelinquished domicile" and rejected the Board's position that only a "lawful permanent resident" could be lawfully domiciled in this country for purposes of section 212(c). 45 F.3d at 152, 153. That position, we explained, was inconsistent with the plain meaning of the phrase "lawful unrelinquished domicile," as "domicile" traditionally has been understood only "to mean physical presence and the intent to remain somewhere indefinitely." *Id.* at 153. For a domicile to be lawful, then, the alien need not necessarily obtain lawful permanent residency but must at least "have the ability, under the immigration laws, to form the intent to remain in the United States indefinitely."

---

1. That section provides in pertinent part:

   Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....

8 U.S.C. § 1182(c). Although the section on its face is addressed only to returning residents, we have applied it as well "to lawful permanent residents who have not left the United States but [who] meet the seven-year requirement and face deportation." *Cortes–Castillo v. INS*, 997 F.2d 1199, 1202 (7th Cir.1993); *see also Henry v. INS*, 8 F.3d 426, 430 n. 4 (7th Cir.1993).

*Id.; see also Lok v. INS*, 681 F.2d 107, 109 (2d Cir.1982). We concluded that by applying for amnesty under IRCA and becoming a lawful temporary resident, an alien could form the requisite intent to remain in this country indefinitely, because at that point, he could have his status adjusted to that of lawful permanent resident simply by residing continuously in the United States and submitting the required application. *Castellon–Contreras*, 45 F.3d at 154.[2] We therefore held that an alien could establish a lawful domicile in this country under section 212(c) by becoming a lawful temporary resident under IRCA. *Id.* The Ninth Circuit recently reached the same conclusion in *Ortega de Robles v. INS*, 58 F.3d 1355, 1360–61 (9th Cir.1995).

■ Because Avelar–Cruz became a lawful temporary resident under IRCA on September 25, 1987, he accumulated seven consecutive years of lawful unrelinquished domicile before the Board affirmed the IJ's order of deportation on November 14, 1994.[3] Under *Castellon–Contreras*, then, Avelar–Cruz is eligible for a discretionary waiver of deportation under section 212(c).

## II.

The INS, however, advances two arguments to avoid the result compelled by *Castellon–Contreras*. First, it insists that Avelar–Cruz failed to exhaust his administrative remedies because he never argued to the Immigration Judge that the seven-year period of lawful unrelinquished domicile commenced when he became a lawful temporary resident. Alternatively, the INS contends that even if Avelar–Cruz properly preserved that argument, *Castellon–Contreras* is not controlling because its discussion of lawful temporary residence is dicta. Neither argument is persuasive.

**2.** At the same time, we rejected the petitioner's argument that he had become a lawful domiciliary on the effective date of IRCA because in applying for temporary resident status, he conceded that he was in this country illegally even after the statute's effective date. *Id.* (citing 8 U.S.C. § 1255(a)(2)(A)).

**3.** Our cases hold that lawful permanent resident status is lost only once the Board affirms the order of deportation entered by the Immigration

■ Although Avelar–Cruz readily concedes that he never based his section 212(c) argument before the IJ on his status as a lawful temporary resident, he advances an eminently reasonable explanation for that omission—the deportation hearing was not seven years removed from the date that he became a lawful temporary resident. Thus, such a theory would not have helped Avelar–Cruz before the IJ. As a result, Avelar–Cruz argued only that he had become a lawful domiciliary on the effective date of IRCA. While his case was on appeal to the Board, however, Avelar–Cruz celebrated the seventh anniversary of his status as a lawful temporary resident. In his brief to the Board, therefore, Avelar–Cruz pointed both to IRCA's effective date and to the date he became a lawful temporary resident as establishing his lawful domicile in this country. The Board fully recognized that Avelar–Cruz was also relying on his status as a lawful temporary resident under IRCA to support his request for section 212(c) relief, and the Board did not suggest that it considered the argument either unexhausted or waived. To the contrary, the Board considered the argument on its merits and rejected it. It of course is the decision of the Board, not that of the IJ, that we have jurisdiction to review. *See Balazoski v. INS*, 932 F.2d 638, 640 (7th Cir.1991); *see also Cordoba–Chaves v. INS*, 946 F.2d 1244, 1246 (7th Cir.1991). Because the Board did not consider the argument waived and addressed its merits, we have jurisdiction to review the Board's resolution of that issue. *See, e.g., Cipriano v. INS*, 24 F.3d 763, 764 (5th Cir.1994); *Douglas v. INS*, 28 F.3d 241, 245 (2d Cir.1994); *Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994); *cf. Henry v. INS*, 8 F.3d 426, 439 n. 19 (7th Cir.1993) (refusing to consider argument raised for the first time in a petition for review when petitioner had the

Judge, resulting in a final order of deportation. *See, e.g., Castellon–Contreras*, 45 F.3d at 155 n. 8; *Variamparambil v. INS*, 831 F.2d 1362, 1366–67 (7th Cir.1987); *see also Henry*, 8 F.3d at 434–35 ("Our decision in *Variamparambil* means only that lawful permanent resident status terminates upon entry of a final order of deportation for purposes of fulfilling the seven years of lawful unrelinquished domicile required for section 212(c) relief.").

opportunity but failed to raise the argument *before the Board* ).

Having concluded that the temporary residence argument is properly before us, we must consider the Service's alternative position that *Castellon–Contreras* is not controlling because its discussion of that issue is dicta. That position is based on our ultimate conclusion in *Castellon–Contreras* that the petitioner was ineligible for section 212(c) relief because he had not accumulated seven years of lawful unrelinquished domicile after becoming a temporary resident. *See* 45 F.3d at 154–55. Because Castellon–Contreras was not eligible for relief even under the panel's interpretation of the statute, the Service maintains that the decision's discussion of temporary residence is non-binding dicta. We disagree.

█ The proper interpretation of the phrase "lawful unrelinquished domicile" in section 212(c) was squarely presented by the parties and addressed by the panel in *Castellon–Contreras*, 45 F.3d at 152. The Board had held that "lawful unrelinquished domicile" should be equated with "lawful permanent residence," whereas Castellon–Contreras maintained that he had established a lawful domicile on IRCA's effective date even if he was not yet a permanent resident of this country. We rejected both positions, holding instead that an alien could establish a lawful domicile by becoming a lawful temporary resident under 8 U.S.C. § 1255a(a). *Id.* at 154. Although that conclusion did not help Castellon–Contreras, our considered interpretation of the statutory language was not thereby relegated to the status of *obiter dictum*. We could only determine whether Castellon–Contreras was eligible for section 212(c) relief by first deciding when he had established a lawful domicile in this country. That issue therefore received extended treatment in the panel's opinion. *Cf. United States v. Crawley*, 837 F.2d 291, 292–93 (7th

Cir.1988). The panel explicitly ruled that Castellon–Contreras became a lawful domiciliary when he acquired the status of lawful temporary resident under IRCA. *Castellon–Contreras*, 45 F.3d at 154. Although that holding ultimately did not make Castellon–Contreras eligible for relief under section 212(c), it was not dicta. *See Cole Energy Dev. Co. v. Ingersoll–Rand Co.*, 8 F.3d 607, 609 (7th Cir.1993) ("explicit rulings on issues that were before the higher court . . . are not dicta.").

### III.

*Castellon–Contreras* applies to Avelar–Cruz' case and is controlling. Under that decision, Avelar–Cruz became a lawful domiciliary on September 25, 1987, when he became a lawful temporary resident under IRCA's amnesty provisions. He thus accumulated seven consecutive years of lawful unrelinquished domicile prior to the entry of a final order of deportation by the Board. As a result, he is eligible to be considered for a discretionary waiver of deportation under section 212(c). We therefore GRANT the petition for review and REMAND to the Board for further proceedings consistent with this opinion.

IT IS SO ORDERED.