**Wayne C. BRYAN, Plaintiff,**

v.

**I.N.S., Charles T. Cobb, District Director, Defendant.**

No. 3:95cv975.

United States District Court, D. Connecticut.

Feb. 20, 1996.

William Joseph Anastasi, Hartford, CT, James G. McKeon, New Canaan, CT, for petitioner.

. Carl J. Schuman, U.S. Attorney's Office, Hartford, CT, for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

CHATIGNY, District Judge.

Petitioner Wayne C. Bryan challenges a decision of Charles T. Cobb, District Director of the Immigration and Naturalization Service, denying Bryan's request for a stay of deportation pending a ruling by the Board of Immigration Appeals on Bryan's motion to reopen his deportation proceedings. Bryan seeks reopening to obtain a waiver of deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). That section authorizes the Attorney General to grant discretionary relief from deportation to permanent resident aliens who have "lawful unrelinquished domicile of seven consecutive years." The District Director determined that Bryan's motion to reopen is not likely to be granted by the BIA, and concluded that the requested stay should therefore be denied, primarily because Bryan does not have seven years of lawful domicile as required by § 212(c). The District Director did not abuse his discretion in denying a stay. Accordingly, Bryan's petition for a writ of habeas corpus is denied.

## I. BACKGROUND [1]

Bryan is a citizen of Jamaica. He was first admitted to the United States in March 1982 as an alien crewman on a visa authorizing him to stay not more than twenty-nine days. He subsequently entered the United States more than once on a similar visa. After entering in November 1983, he did not depart.

In April 1986, Bryan married a lawful permanent resident who later became a naturalized citizen. In March 1987, a Petition for Alien Relative was filed on his behalf by his spouse. The petition was approved in September 1987 and forwarded to the United States Embassy in Kingston, Jamaica for issuance of an immigrant visa. This was necessary because Bryan was ineligible to adjust his status without leaving the United States. At some point in time, Bryan went to Jamaica. In December 1988, he returned to the United States as a lawful permanent resident. He has remained here since.

In March 1990, Bryan was convicted in New York state court of attempted criminal possession of marijuana in the first degree. As a result of that felony conviction, deportation proceedings were initiated against him. In September 1992, an Immigration Judge ordered Bryan deported to Jamaica. The Immigration Judge found that Bryan was deportable based on his marijuana offense and that he was not eligible for relief under § 212(c). Bryan filed a notice of appeal stating that the INS had failed to prove that he is the person who was convicted of the marijuana offense. Bryan also asserted that he had been treated unfairly by the Immigration Judge.

In February 1994, the BIA dismissed Bryan's appeal. The BIA stated:

> We find that the immigration judge fully considered the evidence which was before him and properly concluded that [Bryan] was deportable as charged and statutorily ineligible for any relief from deportation. As to [Bryan's] suggestion on appeal that he was somehow denied due process in these proceedings, we find it without merit to support a remand of the record because he cannot prove that any prejudice resulted to him given his clear ineligibility for

---

1. The facts set forth in this section are drawn from the administrative record of Bryan's deportation proceedings, which has been filed with the court.

relief. *Matter of Perez–Andrade,* 19 I & N Dec. 433 (BIA 1987).

Bryan did not petition for review of the BIA's decision by the Second Circuit.[2]

In April 1994, Bryan obtained an administrative stay of deportation to permit him to file a motion to reopen with the BIA. In November 1994, he was ordered to surrender for deportation. He then applied for a further stay of deportation pending the BIA's decision on the motion to reopen. When his request was denied, he filed a petition in the Second Circuit protesting the denial. An administrative stay was subsequently granted and his petition for review by the Second Circuit was withdrawn by stipulation.

In May 1995, Bryan was once again ordered to surrender for deportation. The surrender date was May 25. On that date, he applied for a further stay pending the BIA's decision on the motion to reopen. The BIA denied the request for a stay stating that "there is little likelihood that the motion will be granted." The District Director also denied Bryan's request for a stay. Bryan then filed this habeas petition.

On May 26, 1995, a preliminary injunction staying Bryan's deportation pending further proceedings was entered by agreement of the parties. The purpose of the stay was to give the District Director an opportunity to take another look at the matter. On June 2, 1995, the District Director issued a six-page written decision denying Bryan's application for a stay.

## II. *DISCUSSION*

■ The District Director has discretion to grant an application for a stay of deportation. Accordingly, his decision to deny Bryan's request for a stay must be sustained unless it was made "without a rational expla-nation, inexplicably departed from established policies, or rested on an impermissible basis...." *Padula v. INS,* 537 F.Supp. 563, 567 (D.Conn.1982), *citing Hang v. INS,* 360 F.2d 715, 719 (2d Cir.1966). See *Lemos–Garcia v. Weiss,* 797 F.Supp. 126, 130 and n. 1 (D.Conn.1991) (denial of stay not an abuse of discretion).

■ The District Director's refusal to give Bryan a further stay of deportation pending a ruling by the BIA on the motion to reopen is supported by the BIA's own statement that there is "little likelihood that the motion [to reopen] will be granted." His decision is also supported by the BIA's ruling dismissing Bryan's appeal of the Immigration Judge's deportation order. The District Director correctly noted that "there has been no change in the facts or merits of this case since the denial of the appeal by the BIA." Absent any such change, the BIA has no reason to grant the motion to reopen.

■ The thrust of Bryan's challenge to the District Director's decision appears to be a claim that he is eligible for relief from deportation under § 212(c). If he is eligible for such relief, refusing to grant him a further stay of deportation might well be an abuse of discretion because, absent a further stay, he will be deported and his motion to reopen will become moot. See 8 C.F.R. § 3.2.[3]

The District Director correctly recognized that Bryan is not eligible for relief under § 212(c). Bryan did not establish lawful domicile in this country until he was admitted as a lawful permanent resident in December 1988. In *Lok v. INS,* 681 F.2d 107, 109 (2d Cir.1977), the Second Circuit held that an alien crewman who entered the United States on a twenty-nine day visa then remained here illegally for many years did not establish lawful domicile for purposes of

---

**2.** The BIA's decision was subject to review by the Second Circuit pursuant to 8 U.S.C. § 1105a(a). To obtain review, Bryan had to file a petition within ninety days of the decision. Service of a timely petition for judicial review serves to "stay the deportation of the alien pending determination of the petition by the court, unless the court otherwise directs...." 8 U.S.C. § 1105a(a)(3).

**3.** Whether Bryan continues to challenge his deportability based on the marijuana offense is unclear. However, the administrative record establishes that he is the person who was convicted of that offense. The name, date of birth and home address of the Wayne Bryan referred to in the Sentence and Commitment Report dated March 12, 1990, match the name, date of birth and home address of the Wayne Bryan referred to in the Petition for Alien Relative (Form I–130) filed by Bryan's spouse.

§ 212(c) until he left the country and returned as a lawful permanent resident. Like the alien in *Lok*, Bryan did not establish lawful domicile for purposes of satisfying the seven-year requirement of § 212(c) until his admission as a permanent resident. Prior to that time, his intent to remain in this country was not lawful because he was here illegally.

Bryan contends that he should be deemed to have established lawful domicile in March 1987 when his spouse petitioned for adjustment of his status. He relies on cases involving aliens who applied for and received an adjustment to lawful temporary resident status as part of the 1986 Congressional amnesty program. See *Avelar–Cruz v. INS*, 58 F.3d 338, 339 (7th Cir.1995) (domicile established on date of application for amnesty); *Ortega de Robles v. INS*, 58 F.3d 1355, 1360–61 (9th Cir.1995) (same).

The cases on which Bryan relies do not support his position. When the aliens in those cases applied for amnesty, their status was adjusted to that of "lawful temporary resident." 8 U.S.C. § 1255a(a); 8 C.F.R. § 245a.2(s) ("The status of an alien whose application for temporary residence status is approved shall be adjusted to that of lawful temporary resident as of the date indicated on the application fee receipt"). Once they were in that status, they could form a lawful intent to remain in the United States indefinitely because, at that point, they could become lawful permanent residents simply by continuing to reside in the United States and submitting the required application. In contrast to the amnesty petitions in those cases, the petition filed by Bryan's spouse did not change his status or give him a legal right to remain in the United States. There was no adjustment of his status until his admission as a permanent resident. Until then, his presence was illegal and any toleration of his presence did not legalize his intent to remain. See *Madrid–Tavarez v. INS*, 999 F.2d 111, 113 (5th Cir.1993) (alien cannot meet seven year lawful domicile requirement by counting period of time spent in this country illegally).

Bryan's lawful domicile ended on February 15, 1994, less than seven years after his admission as a permanent resident, when the BIA affirmed the deportation order.[4] When, as in this case, an alien has not accrued seven years of lawful domicile on the date his deportation order is affirmed by the BIA, and he fails to petition for judicial review of the order, his lawful domicile ends on that date. See *In re Lok*, 18 I & N Dec. 101, 105–07 (BIA 1981) (examining various points in deportation process when lawful domicile might be deemed to end for purposes of § 212(c) and concluding that most appropriate date is date deportation order becomes administratively final), *aff'd on other grounds*, 681 F.2d 107 (2d Cir.1982) (lawful domicile ended for purposes of accruing time towards eligibility for relief under § 212(c) when alien failed to appeal deportation order to BIA or even earlier when he conceded deportability).

Bryan argues that he should receive credit for the period of time he has spent awaiting a decision on his motion to reopen. Relying on *Vargas v. INS*, 938 F.2d 358 (2d Cir.1991), he contends that an alien can continue to accrue time towards eligibility for § 212(c) relief after entry of a final administrative order of deportation as long as he does not concede deportability.

Petitioner's argument rests on a misreading of *Vargas*. In that case, the INS refused to reopen deportation proceedings to consider an application for § 212(c) relief by an alien who accumulated more than seven years of lawful domicile in the United States before deportation proceedings were initiated against him. Citing *Lok*, the BIA ruled that the alien lost his eligibility for § 212(c) relief when he failed to appeal a deportation order. The Second Circuit vacated the BIA's decision and remanded. The Court stated that the BIA erred in extending *Lok* to terminate the alien's clearly existing eligibility for § 212(c) relief.

 Under *Vargas*, entry of a final administrative order of deportation does not cause an alien to lose eligibility for § 212(c) relief if the alien already has seven years of lawful

---

**4.** This was also less than seven years after Bryan's spouse petitioned for an adjustment of his status.

domicile in the United States. If an alien has seven years of lawful domicile making him eligible for § 212(c) relief before a deportation order is affirmed by the BIA, he remains eligible after the affirmance. However, if he does not have seven years of lawful domicile before the order is affirmed, he cannot become eligible for § 212(c) relief merely by avoiding deportation for a sufficient period of time. See 938 F.2d at 361. Accord *Acosta–Montero v. INS*, 62 F.3d 1347 (11th Cir.1995) (BIA's affirmance of deportation order does not foreclose right to seek § 212(c) relief if alien already has seven years of lawful domicile); *Henry v. INS*, 8 F.3d 426 (7th Cir.1993) (same).

In the Ninth Circuit, an alien can continue to accrue time towards eligibility for § 212(c) relief after entry of a final administrative order of deportation by continuing to contest deportation on the merits through a timely petition for judicial review. See *Wall v. INS*, 722 F.2d 1442, 1444–45 (9th Cir.1984). The Ninth Circuit's approach rests on the automatic stay provision of 8 U.S.C. § 1105a(a)(3), which entitles an alien who petitions for judicial review to remain in the United States until the court acts on his petition. An alien who fails to file a timely petition for judicial review and instead pursues an application for reopening does not get the benefit of this automatic statutory stay and, accordingly, does not continue to accrue time towards eligibility for § 212(c) relief. See *Avila–Murrieta v. INS*, 762 F.2d 733 (9th Cir.1985) (alien who accrued seven years of domicile after BIA dismissed appeal not eligible for § 212(c) relief because he failed to petition for judicial review of BIA's decision).

Whether the Second Circuit would adopt the Ninth Circuit's approach is uncertain. Like the Ninth Circuit, the Second Circuit defines lawful domicile in terms of the alien's legal right to remain in the United States. See *Lok*, 681 F.2d at 110 (once a deportation order is not timely challenged on its merits, the alien who is subject to the order resides in the United States as a matter of grace, not law). See also *Vargas*, 938 F.2d at 361. However, the BIA has concluded that lawful domicile for the purpose of becoming eligible for § 212(c) relief should not continue beyond entry of a final administrative order of deportation. *Matter of Lok*, 18 I. & N. Dec. 101, *106 (1981), *aff'd on other grounds*, 681 F.2d 107 (2d Cir.1982). Following the rule of deference set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), all Circuits that have considered the issue except the Ninth have deferred to the BIA's interpretation. See *Onwuneme v. INS*, 67 F.3d 273, 276 (10th Cir.1995); *Castellon–Contreras v. INS*, 45 F.3d 149, 155 n. 8 (7th Cir.1995); *Goncalves v. INS*, 6 F.3d 830, 834 (1st Cir.1993); *Nwolise v. INS*, 4 F.3d 306, 310–12 (4th Cir.1993), *cert. denied*, 510 U.S. 1075, 114 S.Ct. 888, 127 L.Ed.2d 82 (1994); *Jaramillo v. INS*, 1 F.3d 1149, 1154 (11th Cir.1993) (en banc); *Rivera v. INS*, 810 F.2d 540, 541 (5th Cir.1987). Even if the Second Circuit were to agree with the Ninth Circuit, Bryan would still be ineligible for relief under § 212(c) because he failed to petition for judicial review of the BIA's decision.

For the foregoing reasons, the petition for a writ of habeas corpus is denied. The stay of deportation currently in effect will continue until 4:30 p.m. on February 23, 1996, to give petitioner's counsel time to file an appeal and seek a further stay of deportation from the Second Circuit.

So ordered.