**GUO YAN HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4593–AG.**

United States Court of Appeals,
Second Circuit.

May 18, 2006.

Stuart Altman, New York, New York, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, Maine, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Guo Yan Huang petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ The BIA did not abuse its discretion in treating Huang's motion as a motion for reconsideration, rather than a motion to reopen. Motions to reconsider shall "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority," while motions to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(b)(1) and (c)(1). The BIA emphasized this distinction in *Matter of Cerna*, 20 I & N Dec. 399, 402–03 (B.I.A.1991), reasoning that a motion to reconsider required the BIA to "plac[e] [itself] back in time and consider[ ] the case as though a decision in the case . . . had never been entered," while a motion to reopen sought to offer new evidence so that a new decision could be entered, usually after further evidentiary proceedings. *Cerna*, 20 I & N Dec. at 402–03. Huang contends that the BIA should have relied on *Vargas v. INS*, 938 F.2d 358 (2d Cir.1991), rather than *Cerna* in determining whether his motion was for

reconsideration or reopening of his proceedings. However, this argument is meritless because the BIA in *Cerna* rejected this Court's holding with respect to relief under § 212(c) of the Immigration and Nationality Act, which is irrelevant to Huang's case. *See id.* Moreover, Huang does not state how an analysis under *Vargas* would have led the BIA to a different conclusion with respect to the relief sought in his motion, particularly in light of the clear language of § 1003.2(b)(1) and (c)(1).

■ In any event, his motion was properly denied regardless of how it was construed. A motion for reconsideration must be filed within 30 days after the mailing of the BIA decision of which reconsideration is sought. 8 C.F.R. § 1003.2(b)(2). In this case, the Board's decision was mailed in September 2004, and Huang sent a letter dated September 2004 to the BIA in which he indicated that he had received it. However, he did not file his motion until May 2005, well past the thirty-day limit. The BIA could have denied the motion for reconsideration on that ground alone. However, as the BIA properly concluded, the motion was meritless in any event because it did not raise any error of fact or law in the BIA's decision.

■ Even construing Huang's motion as a motion to reopen, the motion was properly denied. The regulations provide that a petitioner may only file one motion to reopen, whether with the BIA or with the immigration judge. *See* 8 C.F.R. § 1003.2(c)(2). Because Huang had already filed a motion to reopen with the IJ, he was barred from filing a second motion to reopen. Moreover, such a motion must be filed within 90 days after the date of the final order of removal. *See id.* In this case, the final order of removal was dated September 7, 2004, giving Huang until December 6, 2004, to file his motion to reopen. Accordingly, his May 2005 motion was time-barred as well as number-barred.

■ Finally, Huang's due process argument was not properly raised before the BIA and thus cannot be raised before this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (noting that petitioners must raise issues before the BIA in order to preserve them for judicial review). In any event, the due process claim is meritless, as the record indicates that the BIA did address the merits of the underlying proceedings which Huang sought to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).