Dennis HIGGINS, Michael Hurney, Timothy Nodell, Bernard Robinson, Anthony Tesoriere, Petitioners,

v.

UNITED STATES RAILROAD RETIREMENT BOARD, Respondent.

Nos. 06–4078–ag, 06–4560–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

Michael Flynn, Law Offices of Michael Flynn PLLC, Garden City, NY, for Petitioners.

Karl T. Blank, General Attorney, Steven A. Bartholow, General Counsel, Railroad Retirement Board, Chicago, IL, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners seek review of a decision of the Board denying their claims for employee service under the RRA. *Employee Service Determination DJH, MH, TN, BR, LCS, AGT,* No. B.C.D. 05–48 (Railroad Retirement Bd. Nov. 8, 2005), http://www.rrb.gov/blaw/bcd/bcd05-48.htm, *aff'd on reh'g,* No. B.C.D. 06–24 (Railroad Retirement Bd. June 6, 2006), http://www.rrb.gov/pdf/bcd/bcd06-24.pdf, and No. B.C.D. 06–39 (Railroad Retirement Bd. Sept. 11, 2006), http://www.rrb.gov/pdf/bcd/bcd06-39.pdf.

We assume the parties' and counsels' familiarity with the facts and procedural history of the case.

The petitioners object primarily to the Board's application of the definition of "employee service." The RRA defines this term, in pertinent part, as follows:

An individual is in the service of an employer whether his service is rendered within or without the United States if—

(i)(A) he is subject to the continuing authority of the employer to supervise and direct the manner of rendition of his service, or (B) he is rendering professional or technical services and is integrated into the staff of the employer, or (C) he is rendering, on the property used in the employer's operations, personal services the rendition of which is integrated into the employer's operations; and

(ii) he renders such service for compensation . . .

45 U.S.C. § 231(d). Materially identical text appears in the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. § 351(e), and Railroad Retirement Tax Act (RRTA), 26 U.S.C. § 3231(d).

■ The petitioners contend that the Board erred as a matter of law in failing to consider paragraphs (B) and (C) at 45 U.S.C. § 231(d)(1)(i), which address the status of individuals rendering technical, professional, and personal services for employers by the acts. We agree.

As its text makes clear, section 231(d)(1)(i) is satisfied by any of the conditions listed in paragraphs (A), (B), or (C). But neither the Board's original opinion, nor any of its opinions on reconsideration, make any mention of paragraphs (B) or (C) or explain why they do not apply in this case.

■ The Board argues that we must defer to its decision as an agency interpretation of the RRA and RUIA. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). This argument fails in the absence of any explanation of the Board's interpretation or reference to any prior decision or interpretive statement, for "[i]t is well-settled that post hoc explanations—especially those offered by appellate counsel—are simply an inade-

quate basis for the exercise of substantive review of an administrative decision." *Vargas v. I.N.S.*, 938 F.2d 358, 363 (2d Cir.1991) (citations and internal quotation marks removed).

Moreover, to the extent that the Board's interpretations require additional factual prerequisites—that the petitioners not be employees of independent contractors or that they be self-employed, for example—those facts must be established explicitly by the Board, whether or not they are apparent from the record. *See id.* ("An administrative agency's decisions, unlike those of a district court, cannot be sustained on a ground appearing in the record to which the agency made no reference; to the contrary, the Board's decision stands or falls on its express findings and reasoning.") (quoting *NLRB v. Indianapolis Mack Sales & Serv., Inc.*, 802 F.2d 280, 285 (7th Cir.1986)).

Inasmuch as we cannot further review the Board's decision in its present form, we remand to the Board. We neither express nor imply any view as to the merits of this petition, or the validity of the interpretations that have been suggested by the Board in its briefs or in any prior agency decisions not presently before us, which are for the Board in the first instance.

For the foregoing reasons, the order of the Board is hereby VACATED and RE-MANDED.